IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROCKY ALLEN HURYTA, | ) | 4:14CV3016 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MENTAL HEALTH BOARD, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Rocky Huryta's ("Petitioner") Motion (Filing No. 10) seeking reconsideration of the court's order dismissing this matter without prejudice. For the reasons discussed below, the court will grant Petitioner's Motion and direct the clerk's office to reopen this matter and serve the habeas corpus petitions on Respondent.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 22, 2014. (Filing No. 1.) On June 19, 2014, the court determined it could not effectively conduct its preliminary review of the petition because the petition was nonsensical and did not state any discernible grounds for relief. (Filing No. 6 at CM/ECF p. 1.) *See* Rule 4 of the *Rules Governing Section 2254 Cases*. The court ordered Petitioner to file an amended petition for writ of habeas corpus that clearly set forth his claims for relief. (*Id.*)

Petitioner filed an amended petition for writ of habeas corpus on July 10, 2014. (Filing No. 7.) Upon review of the amended petition, the court determined that it was also nonsensical, did not state any discernible grounds for relief, and did not set forth whether Petitioner is "in custody." *See Maleng v. Cook*, 490 U.S. 488, 490-91 (U.S. 1989 (stating federal law requires that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time the petition is filed") (citing 28 U.S.C.

§ 2254(a)).  Accordingly, the court dismissed this action without prejudice.  (Filing No. 8.)

Petitioner filed the Motion at issue here on August 12, 2014.  (Filing No. 10.) Liberally construed, Petitioner asserts in his Motion that he is in custody pursuant to a civil commitment order issued by the Ninth Judicial District Mental Health Board, and the civil commitment is unconstitutional.

In light of this filing, and out of an abundance of caution, the court will grant Petitioner's Motion (Filing No. 10), and direct the clerk's office to reopen this matter and serve the habeas corpus petitions on Respondent.

IT IS THEREFORE ORDERED that:

1.    Petitioner's Motion for Reconsideration (Filing No. 10) is granted.

2.    The clerk's office is directed to reopen this matter.

3.    The clerk's office is directed to mail copies of this Memorandum and Order, the habeas corpus petition (Filing No. 1) and the amended habeas corpus petition (Filing No. 7) to Respondent[1] and the Nebraska Attorney General by regular first-class mail.

4.    By **October 9, 2014**, Respondent shall file a motion for summary judgment or state court records in support of an answer.  The Clerk of the Court is directed to set a pro se case management deadline in this case using the following

---

[1]While Petitioner lists only "Mental Health Board" as Respondent in his habeas corpus petition and amended petition, his filings make it clear that he is referring to the Ninth Judicial District Mental Health Board.

text: **October 9, 2014**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

5.     If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

A.     The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

B.     The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.     Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.     No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

3

E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.    If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions.**

6.    If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

A.    By **October 9, 2014,** Respondent shall file all state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.    No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review,

4

and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the Rules Governing Section 2254 Cases in the United States District Courts.

C.      Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E.      No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

5

F.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **November 10, 2014**: check for Respondent to file answer and separate brief.

7.      No discovery shall be undertaken without leave of the court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 25th day of August, 2014.

BY THE COURT:


s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.