IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROCKY ALLEN HURYTA, | ) | 4:14CV3016 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MENTAL HEALTH BOARD, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Rocky Allen Huryta's ("Huryta") Petition for Writ of Habeas Corpus (Filing No. 1) and Amended Petition for Writ of Habeas Corpus (Filing No. 7). For the reasons discussed below, the court will dismiss the petitions without prejudice.

## I. BACKGROUND

### A. State Court Proceedings

On October 25, 2013, a deputy attorney for Buffalo County, Nebraska, filed a petition alleging Huryta is a mentally ill and dangerous person. (Filing No. 13-1 at CM/ECF pp. 36-37.) A contested hearing was held on the petition on October 30, 2013, before the Mental Health Board of the Ninth Judicial District, Buffalo County, Nebraska ("mental health board"). Huryta was represented by counsel at the hearing. The mental health board determined "that Rocky Huryta is a mentally ill and dangerous person who presents a present danger to himself." (Filing No. 13-1 at CM/ECF p. 12.) The mental health board also determined the least restrictive course of treatment was an involuntary commitment to the Nebraska Department of Health and Human Services for inpatient treatment. (*Id.*)

Huryta was committed to Richard Young Hospital in Kearney, Nebraska, until December 2013, when he was discharged to outpatient treatment. (*Id.* at CM/ECF pp. 71-72.) On April 23, 2014, a deputy attorney for Buffalo County, Nebraska, filed an application to reconsider Huryta's level of treatment wherein the State sought to increase Huryta's level of care. The mental health board held a contested hearing on the application on May 1, 2014. Huryta was represented by counsel at the hearing. The mental health board determined, "the level of treatment will remain the same with medication management." (*Id.* at CM/ECF p. 1.)

B.  **Federal Habeas Corpus Proceedings**

Huryta filed a petition for writ of habeas corpus in this court on January 22, 2014. (Filing No. 1.) On June 19, 2014, the court determined it could not effectively conduct its preliminary review of the petition because the petition was nonsensical and did not state any discernible grounds for relief. (Filing No. 6 at CM/ECF p. 1.) The court ordered Huryta to file an amended petition for writ of habeas corpus that clearly set forth his claims for relief.

Huryta filed an amended petition for writ of habeas corpus on July 10, 2014. (Filing No. 7.) Upon review of the amended petition, the court determined that it was also nonsensical, did not state any discernible grounds for relief, and did not set forth whether Huryta is "in custody." Accordingly, the court dismissed the case without prejudice.

Huryta filed a Motion for Reconsideration (Filing No. 10) on August 12, 2014. Liberally construed, he argued he is in custody pursuant to a civil commitment order issued by the Ninth Judicial District Mental Health Board, and the civil commitment is unconstitutional. Out of an abundance of caution, the court directed the clerk's office to reopen the case and serve the habeas corpus petitions on Respondent. (Filing No. 11.)

## II. DISCUSSION

Respondent argues Huryta is not entitled to relief because he did not exhaust his state court remedies prior to filing his habeas corpus petition. For the reasons that follow, the court agrees.

As set forth in 28 U.S.C. § 2254(b)(1):

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Exhaustion of necessary state procedures is required for petitioners seeking review of mental health commitment orders. See *Beaulieu v. Minnesota*, 583 F.3d 570, 576 (8th Cir. 2009). Section 71-930 of the Nebraska Revised Statutes governs the findings made by a mental health board in Nebraska. It states,

> The subject of a petition or the county attorney may appeal a treatment order of the mental health board under section 71-925 to the district court. Such appeals shall be de novo on the record. A final order of the district court may be appealed to the Court of Appeals in accordance with the procedure in criminal cases. The final judgment of the court shall be certified to and become a part of the records of the mental health board with respect to the subject.

Neb. Rev. Stat. §71-930. Any such appeal to the state district court must be taken in 30 days. See Neb. Rev. Stat. § 25-1912; *In re Interest of Saville*, 626 N.W.2d 644, 647-48 (Neb. Ct. App. 2001).

Here, it is undisputed that Huryta did not appeal the mental health board's decision to the state district court. Thus, he failed to invoke one complete round of Nebraska's appellate review process. He has not shown in any of his filings that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B).

Huryta has avenues of relief for testing the legality of his confinement in Nebraska's state courts. Specifically, Nebraska law provides that an individual "may request and shall be entitled to a review hearing by the mental health board and to seek from the board an order of discharge from commitment or a change in treatment ordered by the board." Neb. Rev. Stat. § 71-935. Such a request may be made after the "filing of a periodic report under section 71-932." *Id.* Section 71-932 requires that periodic reports be "filed and served no less frequently than every ninety days for

a period of one year following submission of the subject's individualized treatment plan and every six months thereafter." Neb. Rev. Stat. § 71-932. In addition, Nebraska law provides that subjects in custody or receiving treatment under the Nebraska Mental Health Commitment Act have the right "[t]o file, either personally or by counsel, petitions or applications for writs of habeas corpus for the purpose of challenging the legality of his or her custody or treatment." Neb. Rev. Stat. § 71-959.

Huryta has not invoked one complete round of Nebraska's appellate review process and he can seek relief in Nebraska's courts. Therefore, the exhaustion doctrine prevents this court from considering the merits of Huryta's petitions.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling of his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Huryta has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition and amended petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:


1.  Huryta's Petition for Writ of Habeas Corpus (Filing No. 1) and Amended Petition for Writ of Habeas Corpus (Filing No. 7) are dismissed without prejudice to reassertion after exhaustion of state remedies.

2.  The court will not issue a certificate of appealability in this case.

3.  A separate judgment will be entered in accordance with this order.

DATED this 5th day of March, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.